Slip Op. 09-111

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
:
HORIZON LINES, LLC,                 :
                                    :
       Plaintiff,                    :
                                    :    Before:     WALLACH, Judge
    v.                                :    Court No.:  07-00039
                                    :
UNITED STATES,                      :
                                    :
       Defendant.                    :
_____:

[Judgment for Plaintiff.]

                                                Dated:      October 7, 2009

Williams Mullen (Dean A. Barclay, George H. Bowles, and Evelyn M. Suarez) for Plaintiff Horizon Lines, LLC.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Edward F. Kenny and Jason M. Kenner); and Michael Heydrich, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, Of Counsel, for Defendant United States.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

**Wallach, Judge:**

### I
### INTRODUCTION

      This matter is before the court for decision following a bench trial on June 2 and June 3, 2009. In this action, Plaintiff Horizon Lines, LLC ("Horizon" or "Plaintiff") challenges the assessment of three categories of duties for work to its vessel in 2002 by U.S. Customs and Border Protection ("CBP"). At trial, Defendant United States ("Government" or "Defendant") conceded that one category of duties (diesel generator support structure expenses) was incorrectly assessed and was granted a directed verdict as to another category contested duties.

The lone remaining issue pertains to work performed on cell entry guides in three vessel holds that Plaintiff contends are non-dutiable modifications as opposed to dutiable repairs. For the following reasons, this work constitutes modifications and accordingly Plaintiff is entitled to a refund.

## II
## BACKGROUND

This action arises from work done at Lisnave, Mitrena Yard in Setubal, Portugal ("Lisnave") on the CSX HAWAII, a U.S.-flag C6 Class steam vessel, now named HORIZON HAWAII ("HAWAII") from March 29, 2002 to April 29, 2002, during Voyage 214. Complaint ¶ 1; Answer ¶ 1; Pre-Trial Order, Joint Section C: Uncontested Facts ("Uncontested Facts") ¶ 1. The HAWAII was dry docked at Lisnave between April 9 and April 22, 2002. Uncontested Facts ¶ 14. Horizon, formerly known as CSX Lines, LLC, timely filed with CBP vessel repair entry No. C20-0058605-0 for the HAWAII, Voyage 214 (the "Entry"), upon first entry into the United States on May 7, 2002. Complaint ¶ 2; Answer ¶ 2. By letter dated August 27, 2002, Plaintiff completed its Entry with its "Application for Relief" supplementing the Entry with additional documentation, including original invoices and a spreadsheet indicating Plaintiff's position regarding the dutiability of each specific work item or expense. Uncontested Facts ¶ 3. Duties on the Entry were assessed in the amount of $854,525.26 by CBP's Vessel Repair Unit ("VRU") in New Orleans on January 21, 2005. Complaint ¶ 3; Answer ¶ 3; Uncontested Facts ¶ 4.

Horizon timely filed protest No. 2002-05-100387 (the "Protest") on April 20, 2005, contesting the assessment of certain duties by CBP on the Entry. Complaint ¶ 4; Answer ¶ 4; Uncontested Facts ¶ 5. On May 5, 2005, CBP's VRU forwarded Plaintiff's Protest to CBP Headquarters Carriers Branch for a ruling on the Protest. Uncontested Facts ¶ 6. On July 7,

2

2006, CBP Headquarters directed VRU to redetermine the vessel repair duties in accordance with CBP Headquarters Ruling No. W116467 ("HQ W116467"). Uncontested Facts ¶ 7. On September 11, 2006, CBP VRU granted Plaintiff's Protest in part and denied it in part in accordance with HQ W116467. Complaint ¶ 5; Answer ¶ 5; Uncontested Facts ¶ 8. In implementing HQ W116467, CBP redetermined the dutiable amount on the Entry to be $599,814.73 and issued a refund to Horizon in the amount of $254,710.53. Uncontested Facts ¶ 8. Horizon paid all duties assessed on the Entry pursuant to 28 U.S.C. § 2637(a). Complaint ¶ 6; Answer ¶ 6; Uncontested Facts ¶ 9.

Plaintiff filed its Complaint in the present lawsuit on or about February 12, 2007, contesting the denial of the following portions of Plaintiff's Protest: (1) cell and entry guides; (2) diesel generator support structure expenses; and (3) the cost of tugs (towage). Uncontested Facts ¶ 10; Complaint ¶¶ 8–11. For the first, the pertinent statute provides in relevant part that CBP is to assess duties on "the expenses of repairs made in a foreign country . . . ." 19 U.S.C. § 1466(a). For the second, the Government, after reviewing American Bureau of Shipping ("ABS") reports produced pursuant to subpoena in this litigation, and based upon deposition testimony of the witnesses describing the work performed, agrees that the diesel generator support structure expenses are non-dutiable. Uncontested Facts ¶¶ 12, 33. For the third, this court at trial granted Defendant's USCIT Rule 52(c) motion for judgment as a matter of law for the cost of tugs (towage). Trial Transcript ("TT"), June 3, 2009, at 94. Accordingly, the sole issue for determination here is whether work performed on certain cell entry guides constituted dutiable repairs.

3

## III
## STANDARD OF REVIEW

This court has jurisdiction pursuant to 28 U.S.C. § 1581(a) that provides for judicial review of denied protests. Although CBP decisions are entitled to a presumption of correctness under 28 U.S.C. § 2639(a)(1), the court makes its determinations upon the basis of "the record made before the court," rather than that developed by CBP. See 28 U.S.C. § 2640(a); United States v. Mead Corp., 533 U.S. 218, 233 n.16, 121 S. Ct. 2164, 150 L. Ed. 2d 292 (2001). The court makes the following findings of fact and conclusions of law as a result of the de novo trial. See Universal Elecs. v. United States, 112 F.3d 488, 493 (Fed. Cir. 1997).

## IV
## FINDINGS OF FACT

1. Plaintiff in this litigation challenged diesel generator support structure expenses determined by CBP to be dutiable repairs identified as Item 3, Lisnave Invoice No. 0075/2002/LISN, Owners Ref. Nos. 9.1.6A, 9.1.6E and Item 6, PO006823/ABS.[1]

2. Plaintiff paid excess duties in the total amount of $17,226.32 on the diesel generator support structure expenses that CBP concedes is non-dutiable.

3. Horizon in this litigation challenged expenses for certain work on the HAWAII's cell entry guides in holds 5, 6, and 7 of the HAWAII identified as Item 3, Lisnave Invoice No. 0075/2002/LISN, Owners Ref. Nos. 8.10031/3, 8.10031/4, 8.10031/12, 8.10031/13, and 8.9100-10 Field Order Nos. 276, 275, 279 and 278 (the work comprising these expenses is collectively hereinafter referred to as the "Cell Entry Guide Modifications").[2]

4. The Cell Entry Guide Modifications were permanently incorporated into the hull of the vessel because of the manner in which they are attached to the hull and the purpose that they serve.

---

[1] At the Pre-Trial Conference on May 22, 2009, Defendant conceded that Plaintiff is owed a refund for the $1,199.82 charge identified as Item 6, PO006823/ABS.

[2] During trial, Plaintiff did not contest the assessment by U.S. Customs and Border Protection for certain work to cell guides in cargo holds 5, 6 and 7 identified as Item 3, Lisnave Invoice No. 0075/2002/LISN, Owners Ref. No. 8.4 Field Order Nos. 312, 313, 314, in the amounts of $6,071.00, $31,580.00, and $14,782.00, respectively. See Trial Transcript, June 2, 2009, at 157–58; Pre-Trial Order, Schedule E-1, at 2 Claim (1).

5. The Cell Entry Guide Modifications have remained permanently incorporated into the hull of the vessel since their installation.

6. The Cell Entry Guide Modifications have remained onboard the vessel during an extended lay-up.

7. The Cell Entry Guide Modifications constitute a new design feature that substantially improved speed and ease of container loading, substantially reduced the susceptibility of the cell guide system to damage, and did not replace an existing structure.

8. The Cell Entry Guide Modifications constitute an improvement and a change to the operation and efficiency of the vessel because the modifications increased speed and ease of container loading, substantially reduced the susceptibility of the cell guide system to damage, reduced the need for voyage repairs, and improved the safety of cargo operations.

9. The Cell Entry Guide Modifications replaced cell and entry guides that were in full proper working order when the HAWAII arrived in Lisnave in 2002.

10. The testimony of Horizon's port engineer for the Lisnave dry docking, Mark Cianci, is highly probative and credible.

11. Through Mr. Cianci, Horizon presented probative and credible evidence of Horizon's business purpose and practice of maintaining cell entry guides in good working order.

12. Through Mr. Cianci, Horizon presented probative and credible evidence that Mr. Cianci would have been made aware if any of the cell entry guides were not in good working order at the time the vessel arrived in Lisnave in 2002.

13. Horizon presented probative and credible evidence that Mr. Cianci was not made aware that any of the cell entry guides were not in good working order.

14. Defendant presented no probative or credible evidence that the existing cell entry guides were not in good working order, at the time of dry docking.

15. Defendant presented no probative or credible evidence that the Cell Entry Guide Modifications were needed to correct deficient performance. Instead, the evidence is conclusive that the Cell Entry Guide Modifications were intended to improve the performance of the original design.

16. The HAWAII having commissioned a naval architect and marine engineer to prepare drawings for the shipyard to construct the Cell Entry Guide Modifications demonstrates that the work was a modification.

5

17. If the work comprising the Cell Entry Guide Modifications had been a repair, there would have been no need to commission drawings. The shipyard could have followed existing drawings for the original design if it was repairing and restoring the cell entry guides to their original condition.

18. The expert testimony of Edwin T. Cangin is highly probative and credible on the issue of whether the Cell Entry Guide Modifications constituted modifications.

19. Defendant did not offer any expert testimony which rebutted the testimony of Mr. Cangin.

20. Defendant did not challenge on cross-examination Mr. Cangin's opinion that work comprising the Cell Entry Guide Modifications constituted a modification and not a repair.

21. The Government's witness, Peter D. Kahl, another experienced Port Engineer, also considered the work comprising the Cell Entry Guide Modifications to be a modification.

22. The court finds credible Mr. Cangin's expert opinion that the work comprising the Cell Entry Guide Modifications constitutes a modification, not a repair.

23. CBP's Protest decision relies on the analysis made by Vessel Repair Specialist Glenda Bradley.

24. Ms. Bradley was the individual responsible for reviewing and denying Horizon's claims.

25. Ms. Bradley had limited experience working as a Vessel Repair Specialist when she processed the Entry.

26. Ms. Bradley's job did not involve visiting shipyards or inspecting ships associated with vessel repair entries.

27. Ms. Bradley admitted that, until she was deposed in the course of this case's litigation, she did not understand the difference between a cell guide and an entry guide.

28. The evidence shows that CBP did not understand the nature of the work involved, did not seek out any expertise to help it understand the work involved, and based its decision on a misunderstanding of the documentation submitted by Horizon.

29. Incorrect statements in the shipyard invoice relied upon by CBP in finding the Cell Entry Guide Modifications to be dutiable repairs were not demonstrative of the actual state of affairs.

30. Incorrect statements in the ABS survey relied upon by CBP in finding the Cell

Entry Guide Modifications to be dutiable repairs were not demonstrative of the actual state of affairs.

31. The Cell Entry Guide Modifications constitute non-dutiable modifications and not dutiable repairs.

32. Horizon properly segregated the non-dutiable Cell Entry Guide Modifications from other dutiable work.

33. Horizon paid excess duties in the total amount of $104,560.00 on the work comprising the Cell Entry Guide Modifications at issue in this case.

34. Should any Finding of Fact designated herein, be more properly deemed a Conclusion of Law, it is so designated.

# V
# CONCLUSIONS OF LAW

1. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. This court is charged with making findings of fact and conclusions of law de novo—that is, based on "the record made before the court." See 28 U.S.C. § 2640(a); Universal Elecs. Inc., 112 F.3d at 493.

3. CBP incorrectly assessed duties under 19 U.S.C. § 1466(a) for the diesel generator support structure expenses that CBP concedes is non-dutiable.

4. Horizon is entitled to a refund in the amount of $17,226.32 plus interest as provided by law for the duties on the diesel generator support structure expenses that CBP now concedes is non-dutiable.

5. The Cell Entry Guide Modifications in holds 5, 6 and 7 of the HAWAII are the sole remaining contested issues in this case following the close of trial and in light of all concessions made and motions granted at trial.

6. CBP's Protest decision as to the Cell Entry Guide Modifications is not entitled to deference because the decision did not exhibit due care or expertise and was, accordingly, not persuasive. See Mead, 533 U.S. at 228 citing Skidmore v. Swift & Co., 323 U.S. 134, 139–40, 65 S. Ct. 161, 89 L. Ed. 124 (1944).

7. The testimony of Horizon's expert witness constitutes a prima facie case and, being unrebutted, as well as supported by other credible substantial testimony and evidence, has overcome the unsupported presumption of correctness attaching to CBP's Protest decision under 28 U.S.C. § 2639(a)(1). Cf. Bacharach Indus. Instrument Co. v. United States, 2 Cust. Ct. 306,

314 (1939).

8. A recognition in <u>Texaco Marine Servs., Inc. v. United States</u>, 44 F.3d 1539, 1544 (Fed. Cir. 1994) that the language "expenses of repairs" in 19 U.S.C. § 1466(a) is "broad and unqualified" does not apply in the case at bar, because <u>Texaco</u> interpreted the phrase "expenses of repairs" as covering all expenses (not specifically excepted in the statute) which, but for dutiable repair work, would not have been incurred. <u>Texaco</u> did not address the distinction between a repair and a modification. Newly designed installations on a vessel are alterations of ship design and not repairs. <u>See</u> <u>United States v. Admiral Oriental Line</u>, 18 CCPA 137, 141 (1930) ("the installation of swimming tanks can not be regarded as repairs.").

9. For 19 U.S.C. § 1466(a) purposes, the term "repairs" describes work putting something that has sustained damage back into working condition whereas the term "modifications" describes work addressing a problematic feature.

10. Because the HAWAII's cell entry guides, after the shipyard work, exhibited new design features that improved or enhanced the vessel's operation or efficiency, the "good working order" condition of the cell entry guides, before the shipyard work, is not a relevant consideration in determining whether the work constitutes a non-dutiable modification, for purposes of 19 U.S.C. § 1466(a).

11. The fact that the improved or enhanced operation or efficiency of the HAWAII's cell entry guides, after the shipyard work, reduced the potential for damage, which might have resulted if the new design features had not been implemented, does not transform the shipyard work into repairs, for purposes of 19 U.S.C. § 1466(a).

12. The Government's position that an absence of "good working order" condition, if any, or that a prior "deficient" design, if any, transformed the shipyard work comprising the Cell Entry Guide Modifications from a modification into a repair is legally incorrect and contrary to the evidence. The Government failed to advance credible evidence to rebut Plaintiff's evidence that the Cell Entry Guide Modifications were not repairs to existing parts of the vessel.

13. The Cell Entry Guide Modifications replaced cell and entry guides that were in full proper working order when the HAWAII arrived in Lisnave in 2002.

14. CBP incorrectly assessed duties under 19 U.S.C. § 1466(a) for the Cell Entry Guide Modifications because such work constituted non-dutiable modifications as opposed to dutiable repair work.

15. Horizon is entitled to a refund in the amount of $104,560.00 plus interest as provided by law for duties imposed on the Cell Entry Guide Modifications.

16. Should any Conclusion of Law designated herein, be more properly deemed a Finding of Fact, it is so designated.

## **ORDER**

Plaintiff is directed to submit to the court within 10 business days a proposed judgment consistent with these Findings of Fact and Conclusions of Law.

                                                         __/s/ Evan J. Wallach____
                                                         Evan J. Wallach, Judge

Dated:  October 7, 2009
        New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____  By: _____
                                     Deputy Clerk